1  STEPHEN L. DAVIS (CA State Bar No. 149817)
   LAW OFFICES OF STEPHEN L. DAVIS
2  8880 Cal Center Drive, Suite 180
   Sacramento, California 95826
3  Telephone:  (916) 362-9000
   Fax:  (916) 362-9066
4  E-mail:  sdavis@davisandleonard.com

5  *Attorneys for Plaintiffs*

6
   Gregory D. Phillips (USB No. 4645)
7  Jason P. Eves (USB No. 9094)
   PHILLIPS, RYTHER & WINCHESTER
8  124 South 600 East
   Salt Lake City, UT 84102
9  Telephone: 801-935-4935
   Facsimile:  801-935-4936
10 gdp@prwlawfirm.com

11 *Attorneys for Plaintiffs*
   *(pending admission pro hac vice)*

12

13            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF CALIFORNIA
14               SACRAMENTO DIVISION

15 AUDI AG, a German corporation,
   BENTLEY MOTORS LIMITED, a
16 United Kingdom company, and              Case No:
   VOLKSWAGEN GROUP OF
17 AMERICA, INC., a New Jersey
   corporation,                            **VERIFIED COMPLAINT FOR:**
18
                      Plaintiffs,          **1. Trademark Counterfeiting and
19                                            Infringement (15 U.S.C. §
            vs.                               1114(1))**
20                                         **2. False Designation of Origin (15
   TCB IMPORTS, a business entity of          U.S.C. § 1125(a))**
21 unknown origin, and TODD C.             **3. Trademark Dilution (15 U.S.C.
   BENSON, an individual doing               § 1125(c))**
22 business as TUNERBITS,
   RACERBITS, TCBIMPORTS and
23 TCBOVERSTOCK,

24                    Defendants.

25

26

27      Plaintiffs Audi AG, Bentley Motors Limited, and Volkswagen Group of

28

America, Inc. (collectively "Plaintiffs" or "Audi and Bentley") for their complaint against defendants TCB Imports and Todd C. Benson doing business as Tunerbits, Racerbits, TCB Imports, and TCBoverstock (collectively "Defendants"), allege as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1.    This suit arises from Defendants' unauthorized misappropriation and counterfeiting of Audi's and Bentley's distinctive and world-famous trademarks. Defendants feature Audi's and Bentley's trademarks on the counterfeit goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants' goods are those of Plaintiffs or sponsored or licensed by Plaintiffs.

2.    This is an action for trademark counterfeiting, infringement, and dilution of Audi's and Bentley's federally-registered and world-famous trademarks, and for related claims based on Defendants' operation of a business that manufactures, imports, promotes, advertises, distributes, and/or sells automotive grilles and automotive badging bearing counterfeits of Audi's and Bentley's world-famous trademarks, including, but not limited to, the AUDI RINGS®, the AUDI GRILLE DESIGN® and the STYLIZED B™ trademarks, among many others.  Audi and Bentley allege claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, and

federal trademark dilution, under Sections 32(1), 43(a), and 43(c) of the United States Trademark Act of 1946, as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c) (the "Lanham Act").  Audi and Bentley seek preliminary and permanent injunctions preventing Defendants from using Plaintiffs' trademarks, and counterfeits thereof, and an order requiring Defendants to deliver all the counterfeit and infringing goods and the means for manufacturing them for destruction, an equitable accounting, an equitable disgorgement of all revenues and/or profits wrongfully obtained, statutory damages, exemplary damages, as well as attorneys' fees and costs.

## **THE PARTIES**

3.     Audi AG is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany, and is a subsidiary of Volkswagen AG.

4.     Bentley Motors Limited is a limited liability company organized under the laws of the United Kingdom with its principal place of business in Crewe, England, and is a subsidiary of Volkswagen AG.

5.     Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia, and is a wholly owned subsidiary of Volkswagen AG.

6.      Defendant TCB Imports is a business of unknown origin with its principal place of business located at 4430 Yankee Hill Road #300, Rocklin, California, 95677.

7.      Defendant Todd C. Benson is an individual and is believed to be the sole proprietor of several businesses, including without limitation, Tunerbits, Racerbits, TCB Motors, TCBImports, and TCBoverstock.  Defendant Todd C. Benson and his businesses focus on importing and selling aftermarket parts and accessories for automobiles, including vehicles made by Plaintiffs.  Defendant Todd C. Benson is a moving, conscious, and active force behind the infringing acts complained of herein, and actively participated in and approved the acts of infringement.  Audi and Bentley are informed and believe that defendant Todd C. Benson resides in or near Rocklin, California.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331.

9.      This action arises out of wrongful acts committed by Defendants that have been purposefully directed toward Plaintiffs, which acts have caused injury to Audi in this judicial district.  Accordingly, this Court has personal jurisdiction over Defendants with respect to the claims alleged in this action.

10.     Venue is proper under 28 U.S.C. § 1391(b) in that a substantial part

of the events giving rise to the claim occurred in this Judicial District.

## **GENERAL ALLEGATIONS**

### *Audi's Trademark Rights*

11.     Audi is a world-famous automobile manufacturer that sells Audi automobiles and genuine parts and accessories through a network of licensed Audi dealerships. In addition to the physical car lots operated by its licensees, Audi also operates various websites, including without limitation *audiusa.com* and *audicollectionusa.com*, through which consumers can purchase genuine Audi parts, automotive accessories and personal goods and accessories directly from Audi. Audi's world-famous and distinctive trademarks symbolize the Audi brand and its marketability, reputation and goodwill.

12.     Audi first registered AUDI® as a trademark with the United States Patent and Trademark Office (or "USPTO") in 1960 (U.S. Reg. No. 0,708,352), and has subsequently obtained numerous other registrations for that mark.  A true and correct copy of the registration certificate for Audi's first registration of AUDI® is attached to the Verified Complaint as Exhibit A.  A list of Audi's U.S. trademark registrations for AUDI® and marks that include AUDI® is attached to the Verified Complaint as Exhibit B.  Audi's registrations for the AUDI® mark are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership of the AUDI® mark.

13.     Audi first registered the AUDI RINGS® trademark (U.S. Reg. No. 0,906,525) with the USPTO in 1971, and has subsequently obtained numerous other registrations for that mark.  A true and correct copy of Audi's first AUDI RINGS® trademark is attached to the Verified Complaint as Exhibit C.  A table including all of Audi's live registrations for the AUDI RINGS® and trademarks that include the AUDI RINGS® is attached to the Verified Complaint as Exhibit D.  Audi's registrations for the AUDI RINGS® marks are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Audi's exclusive ownership of the AUDI RINGS® marks.

14.     Audi first registered the RS4® trademark (U.S. Reg. No. 2889135) with the USPTO in 2004, and has subsequently obtained other registrations for that mark.  A true and correct copy of Audi's first RS4® trademark is attached to the Verified Complaint as Exhibit E.  A table including all of Audi's live subsequent registrations for RS4® is attached to the Verified Complaint as Exhibit F.

15.     Additionally, Audi has registered the AUDI GRILLE DESIGN® trademark (U.S. Reg. No. 4,499,913) which has obtained secondary meaning and was duly registered as a trademark on the principal register by the USPTO because it was found to have become synonymous with the AUDI® brand.  Audi's registration for the AUDI GRILLE DESIGN® is attached hereto as

1   Exhibit G.

2
3          16.    Audi uses AUDI®, the AUDI RINGS®, AUDI GRILLE DESIGN®
4   and RS4® trademarks (collectively the "Audi Marks") in commerce on their
5   products and in connection with the advertisement and sale of the goods and
6
7   services they offer.  An image depicting Audi's trademarks as they appear on
8   Audi vehicles and on website at *audiusa.com* (last visited on July 18, 2017) in
9   connection with the advertisement and sale of Audi vehicles, is displayed below
10
11  for reference:

12
13
14
15                      
16
17
18
19
20
21
22
23
24
25
26
27
28



***Bentley's Trademark Rights***

17.     Bentley Motors Limited is a world-famous automobile manufacturer that sells Bentley automobiles and genuine parts and accessories through a network of licensed Bentley dealerships. In addition to the physical car lots operated by its licensees, Bentley also operates various websites, including without limitation *bentleymotors.com*, through which consumers can purchase genuine Bentley parts, automotive accessories and personal goods and accessories directly from Bentley. Bentley's world-famous and distinctive trademarks symbolize the Bentley brand and its marketability, reputation and goodwill.

18.     Bentley first registered the B IN WINGS® as a trademark with the USPTO in 1937 (U.S. Reg. No. 0,344,524), and has subsequently obtained

numerous other registrations for that mark.  The B IN WINGS® trademark incorporates a B in stylized font set within a winged oval carrier.  A true and correct copy of the registration certificate for Bentley's first registration of B IN WINGS® is attached to the Verified Complaint as Exhibit H.  A list of Bentley's U.S. trademark registrations for the B IN WINGS® and the trademarks that include the B IN WINGS® is attached to the Verified Complaint as Exhibit I.  Bentley's registrations for the B IN WINGS® mark are valid, unrevoked, subsisting, and most are incontestable, and constitute *prima facie* evidence of Bentley's exclusive ownership of the B IN WINGS® mark.  An image depicting the B IN WINGS® trademark as it appears on Bentley vehicles is displayed below for reference:



19.    Audi and Bentley use the above-referenced trademarks (collectively the "Audi and Bentley Marks") to identify their products and services.  In

9

addition to producing high-quality vehicles, Audi and Bentley produce automotive parts and accessories for their vehicles, including without limitation, vehicle grilles and badges bearing the Audi and Bentley Marks.

20.     Audi and Bentley have each spent hundreds of millions of dollars and have expended significant effort in advertising, promoting and developing their trademarks and trade dress throughout the world.  As a result of such advertising and expenditures, Audi and Bentley have established considerable goodwill in their trademarks.  The Audi and Bentley Marks have become widely known and recognized throughout the world as symbols of high quality automotive goods and services.   The Audi and Bentley Marks are world-famous and distinctive, and have become associated by the consuming public exclusively with Audi and Bentley, respectively.  The Audi and Bentley Marks are invaluable assets of substantial and inestimable worth to Audi and Bentley.

### *Defendants' Unlawful Use of the Audi and Bentley Marks*

21.     Defendants are not in any way affiliated with, authorized by, or sponsored by Audi or Bentley and have no authority to use the Audi and Bentley Marks.  Despite their lack of affiliation, authorization, or sponsorship, Defendants unlawfully use the Audi and Bentley Marks by advertising and selling merchandise bearing counterfeits and/or close and confusingly similar versions of the Audi and Bentley Marks.  Defendants' counterfeit merchandise

competes directly and indirectly with Audi's and Bentley's genuine goods.

22.     On May 1, 2017, Plaintiffs were notified by United States Customs and Border Protection ("CBP") that a shipment of 50 Audi grilles from China had arrived in Oakland, California.  The grilles were being imported by Defendants Todd Benson dba TCB Imports, located at 4430 Yankee Hill Road #300, Rocklin, California.  After an inspection by Plaintiffs, the goods were determined to be counterfeit and were seized by CBP.  Plaintiffs started an investigation of Defendants at this time.

23.     On June 30, 2017, Plaintiffs conducted a test purchase of an item listed by TUNERbits, an Amazon.com seller name that was confirmed to be a dba of Defendant Todd C. Benson.  The item was listed on Amazon.com as an "Audi TT 8J 07-13 RS Style Euro Honeycomb Hex Mesh Gloss Black Grill."

24.     Volkswagen Group of America, Inc. received a package from Defendants on July 5, 2017, containing the grille purchased from Amazon.com, and fulfilled by the Amazon Seller TUNERbits, and discovered that the grille already had a counterfeit of the AUDI RINGS® badge installed on the front of it.

25.     Additionally, markings on the Defendants' grille indicate that it was made in Germany.  However, the packaging for the counterfeit grille bearing the AUDI RINGS® badge confirmed that Defendants' grille was manufactured in China.  Images depicting the infringing goods purchased by Audi are set forth

below:

*Images depicting the packaging and mailing labels from Defendants' grille*



*Images depicting the markings on Defendants' grille purchased by Audi*





*Screenshot of the Order Details of the goods sold by TUNERbits on Amazon.com*



*"Audi TT 8J 07-13…Gloss Black Grill" sold by TUNERbits*

13



26.     Defendants' unauthorized use of the Audi Marks on automotive

grilles for Audi vehicles constitutes a misappropriation of the Audi Marks and

associated good will, and is likely to cause potential purchasers of Defendants'

products and services, as well as the public at large, to believe that Defendants'

services and products are affiliated with, authorized, sponsored by, or endorsed

by Audi.   In addition, Defendants' wrongful use of the Audi Marks dilutes,

tarnishes, and whittles away the distinctiveness of the Audi Marks.

27.     Additionally, Defendants' products include markings that indicate

that the goods are made in Germany, where Audi was founded.  However,

Defendants' products are made in China, as indicated by the packaging received

by Audi during the test purchase of Defendants products.

28.     After further investigation, Plaintiffs also discovered that Defendants

were selling "Bentley Style Grilles" for Chrysler 300 vehicles, on which a copy

of Bentley's STYLIZED B™ in font identical to that in Bentley's B IN WINGS®

trademark was prominently displayed.  Defendants' wrongful use of the Bentley Marks dilutes, tarnishes and whittles away the distinctiveness of the Bentley Marks.  Printouts of several of Defendants' eBay auctions for goods bearing counterfeits of the Bentley Marks are attached to the Verified Complaint as Exhibit J.  An image depicting one of Defendants' online advertisements for these grilles bearing counterfeits of the Bentley Marks is displayed below for reference:



**05-10 Chrysler 300, 300C Vertical Gloss Black Grill w/ B Logo**

PRODUCT PICTURES:

AUCTION DETAILS:
- **You Receive in this Auction:** One Front Grill w/ badge
- Item is **100% New,** Never used or installed.
- Grill is a direct OEM fitment. Uses the cars existing bolts to install. **Does** required the removal of the front bumper to access mounting points.
- Made of high quality ABS plastic with Gloss Black Finish.
- OEM fitment. No Modification Needed
- Light weight design
- Product does not come with installation instructions, please refer to a shop/factory manual for installation.

29.    Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.  Accordingly, this is an exceptional case within the meaning of 15

U.S.C. § 1117(a).

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT UNDER 15 U.S.C. § 1114)

30.    Audi and Bentley reallege and incorporate herein the allegations above.

31.    Despite Audi's and Bentley's well-known prior rights in the Audi and Bentley Marks, Defendants have used and continue to use, without Audi's or Bentley's authorization, the Audi and Bentley Marks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

32.    Defendants' use of the Audi and Bentley Marks is likely to cause consumer confusion as to whether Audi and Bentley endorse, sponsor, or license Defendants' products, or as to whether Defendants are somehow affiliated with Audi and Bentley.

33.    Defendants' actions constitute trademark counterfeiting and willful infringement of Audi's and Bentley's exclusive rights in the Audi and Bentley Marks in violation of 15 U.S.C. § 1114.

34.    Defendants' use of the Audi and Bentley Marks, or confusingly similar variations thereof, has been and continues to be done with the intent to cause confusion, mistake, and to deceive consumers and members of the public

concerning the source and/or sponsorship of Defendants' products and services. Defendants have used counterfeits of the Audi and Bentley Marks in connection with their products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

35.    As a direct and proximate result of Defendants' conduct, Audi and Bentley have suffered irreparable harm to the valuable Audi and Bentley Marks. Unless Defendants are restrained from further infringement of the Audi and Bentley Marks, Audi and Bentley will continue to be irreparably harmed.

36.    Audi and Bentley have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

37.    As a direct and proximate result of Defendants' conduct, Audi and Bentley are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and Bentley Marks pursuant to 15 U.S.C. § 1117. Alternatively, Audi and Bentley are entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## SECOND CLAIM FOR RELIEF

**(FALSE DESIGNATION OF ORIGIN AND TRADE DRESS
INFRINGEMENT UNDER 15 U.S.C. § 1125(a))**

38.     Audi and Bentley reallege and incorporate herein the allegations

above.

39.     Defendants have knowingly used the Audi and Bentley Marks, or

confusingly similar variations thereof in connection with the products and

services that Defendants manufacture, import, advertise, promote, and/or sell.

Defendants' actions render this case exceptional within the meaning of 15 U.S.C.

§ 1117(a).

40.     Defendants' use of the Audi and Bentley Marks is likely to confuse,

mislead or deceive customers, purchasers, and members of the general public as

to the origin, source, sponsorship, or affiliation of Defendants' services and

products, and is likely to cause such people to believe in error that Defendants'

products and services have been authorized, sponsored, approved, endorsed, or

licensed by Audi and Bentley or that Defendants are in some way affiliated with

Audi and Bentley.

41.     By reason of Defendants' actions, Audi and Bentley have suffered

irreparable harm to the Audi and Bentley Marks.  Unless Defendants are

restrained from their actions, Audi and Bentley will continue to be irreparably

harmed.

42.     Audi and Bentley have no remedy at law that will compensate for the

continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

43.     As a direct and proximate result of Defendants' conduct, Audi and Bentley are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and Bentley Marks pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

44.     Audi and Bentley reallege and incorporate herein the allegations above.

45.     The Audi and Bentley Marks have become famous and distinctive worldwide through Audi's and Bentley's continuous and exclusive use of them in connection with Audi's and Bentley's products and services.

46.     Because Audi's and Bentley's products and services have gained a reputation for superior quality, durability, and performance, the Audi and Bentley Marks have gained substantial renown.

47.     Defendants have willfully and intentionally used and continue to use the Audi and Bentley Marks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products

and services.

48.     Defendants' use of the Audi and Bentley Marks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the Audi and Bentley Marks' distinctive quality in violation of Audi's and Bentley's rights under 15 U.S.C. § 1125(c).  Defendants' wrongful use of the Audi and Bentley Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Audi and Bentley Marks.

49.     Defendants have used and continue to use the Audi and Bentley Marks, and confusingly similar variations thereof, willfully and with the intent to dilute the Audi and Bentley Marks, and with the intent to trade on the reputation and goodwill of Audi and Bentley and of the Audi and Bentley Marks.

50.     As a direct and proximate result of Defendants' conduct, Audi and Bentley have suffered irreparable harm.

51.     Unless Defendants are enjoined, the Audi and Bentley Marks will continue to be irreparably harmed and diluted.  Audi and Bentley have no adequate remedy at law that will compensate for the continued and irreparable harm Audi and Bentley will suffer if Defendants' actions are allowed to continue.

52.     Defendants have used and continue to use the Audi and Bentley Marks, and counterfeits thereof, willfully and with the intent to dilute the Audi and Bentley Marks, and with the intent to trade on the reputation and goodwill of

Audi and Bentley and of the Audi and Bentley Marks.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1111(a).

53.    As a direct and proximate result of Defendants' conduct, Audi and Bentley are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and Bentley Marks pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Audi and Bentley pray for judgment against Defendants as follows:

1.    Under all claims for relief, that preliminary and permanent injunctions be issued enjoining Defendants, their employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

a.  imitating, copying, or making unauthorized use of any of the Audi and Bentley Marks, counterfeits thereof, or any confusingly similar variations thereof;

b.  importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or any confusingly

similar variation of any of the Audi and Bentley Marks;

c.  using any simulation, reproduction, counterfeit, copy or confusingly similar variation of the Audi and Bentley Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product;

d.  using any false designation of origin or false description, including without limitation, any letters or symbols constituting the Audi or Bentley Marks or trade dress, or performing any act, which can, or is likely to lead members of the trade or public to believe that Defendants and/or any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Audi and Bentley, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi and Bentley;

e.  transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing a design or mark substantially similar to any or all of the Audi and Bentley Marks;

f.  engaging in any other activity constituting unfair competition with Audi and Bentley with respect to the Audi and Bentley Marks, or constituting an infringement of any or all of the Audi and Bentley Marks, or of Audi's and Bentley's rights in, or to use or exploit, any or all of the Audi and Bentley Marks

or trade dress;

g.  infringing and diluting the Audi and Bentley Marks and from using any false designation of origin or false description causing members of the trade or public to believe that any service provided by Defendants in any manner associated or connected with Audi and Bentley, or is sold, manufactured, licensed, sponsored, approved or authorized by Audi and Bentley, or engaging in any other activity constituting unfair competition with Audi and Bentley; and

h.  instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2.  For an order enjoining Defendants from selling, distributing, discarding, giving away or otherwise disposing of Defendants' goods bearing counterfeits of the Audi and Bentley Marks and requiring Defendants to sequester said counterfeit goods including without limitation, any grilles, automobile badges or other goods bearing the Audi and Bentley Marks as described herein, in a separate and safe location at Defendants' place or places of business, as well as all business records, related thereto, including any computers or other digital media containing such business records to be made available for Audi and Bentley and its representatives to examine, photograph, and/or copy any such goods and information;

3.      For an order directing Defendants to deliver to Audi and Bentley and/or its representatives for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in its possession or under its control, bearing or using any or all of the Audi and Bentley Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof pursuant to 15 U.S.C. § 1118.

4.      For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service provided by Defendants is authorized by Audi and Bentley or related in any way to Audi and Bentley.

5.      For an order directing that Defendants file with the Court and serve upon Audi's and Bentley's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

6.      For an order permitting Audi and Bentley, and/or auditors for Audi and Bentley, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and Bentley Marks, including all revenues and sales related to Defendants' use of the Audi and Bentley Marks, as well as Defendants' compliance with orders of this Court.

7.      For an award of Audi's and Bentley's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, plus Audi's and Bentley's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

8.      For equitable disgorgement of all profits wrongfully derived by Defendants from their infringing and diluting use of the Audi and Bentley Marks pursuant to 15 U.S.C. § 1117.

9.      For an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

10.     For such other and further relief as the Court may deem just and proper.

DATED this 9th day of August 2017.

LAW OFFICES OF STEPHEN L. DAVIS

By:      /Stephen L. Davis/
         Stephen L. Davis
         *Attorneys for Plaintiffs*

## **VERIFICATION**

Dana A. Cizmadia, under penalty of perjury of the laws of the United States declares:

That she is employed by Volkswagen Group of America, Inc as Brand Protection and Marketing Compliance Specialist; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 9th day of August 2017 in Herndon, Virginia.

Dana A. Cizmadia